## UNITED STATES COURT OF INTERNATIONAL TRADE

SPIRIT AEROSYSTEMS, INC.

                Plaintiff,

   v.

UNITED STATES; DEPARTMENT OF
HOMELAND SECURITY; UNITED
STATES CUSTOMS AND BORDER
PROTECTION; MARK A. MORGAN, IN
HIS OFFICIAL CAPACITY AS ACTING
COMMISSIONER, UNITED STATES
CUSTOMS AND BORDER PROTECTION,

                Defendants.

Court No. 20-00094

## COMPLAINT

Spirit AeroSystems, Inc. ("Plaintiff"), by and through its attorneys, Faegre Drinker Biddle & Reath LLP, for its complaint against the United States alleges as follows:

### SUMMARY

This is an action to establish Plaintiff's right to recover a refund of duties and fees paid pursuant to a clear statute enacted by Congress that has been misinterpreted and misapplied by United States Customs and Border Protection ("CBP").

### INTRODUCTION

1. The U.S. Government allows exporters to claim a refund of duties and fees paid on merchandise imported into the United States when certain merchandise is then exported from the United States. This refund is known as "drawback."

2. Congress expanded exporter's rights to claim drawback in 2015 when it passed, and the President signed, the *Trade Facilitation and Trade Enforcement Act* of 2015 (the "TFTEA"), Public Law No. 114-125, 130 Stat. 122 (2015).

3. The TFTEA notably expanded and simplified an exporter's right to claim drawback on the export of substitute merchandise that was not used in the United States.

4. Prior to TFTEA, exporters could only claim drawback on unused substitute merchandise that was "commercially interchangeable" with the imported merchandise. *See* 19 U.S.C. § 1313(j)(2) (2014).

5. TFTEA amended the use of the unused merchandise drawback to be more easily administrable by U.S. Customs and Border Protection ("CBP") and the trade community. *See* 83 Fed. Reg. 64942, *Modernized Drawback* (Dec. 18, 2018).

6. Specifically, TFTEA provides that drawback can be claimed on unused substitute merchandise if it is classifiable in the same 8-digit subheading of the *Harmonized Tariff Schedule of the United States* ("HTSUS") as the imported merchandise. *See* 19 U.S.C. § 1313(j)(5) (2018).

7. However, if the article description for the 8-digit HTSUS subheading begins with the term "*other*," then the exported merchandise must be classifiable in the same 10-digit HTSUS statistical reporting number as the imported merchandise to be eligible for unused substitute merchandise drawback. *Id.*

8. If the article description for the 10-digit HTSUS statistical reporting number begins with the term "*other*" as well, then unused substitute merchandise drawback is not allowed. *Id.*

**FACTS AND BACKGROUND**

9.  Plaintiff imported parts of civil aircraft into the United States that are classifiable under HTSUS statistical reporting number 8803.30.0030, which provides for *"Parts of goods of heading 8801 or 8802: Other parts of airplanes or helicopters: For use in civil aircraft: Other*."

10. Plaintiff paid the applicable duties and fees when these parts of civil aircraft were imported into the United States.

11. Plaintiff manufactures parts of civil aircraft in the United States that are classifiable under HTSUS statistical reporting number 8803.30.0030.

12. Plaintiff exports unused parts of civil aircraft classifiable under HTSUS statistical reporting number 8803.30.0030 from the United States to countries around the world.

13. Relying on TFTEA and the revised regulations implementing this statute, Plaintiff filed an unused merchandise drawback claim for substitute merchandise based on the export of unused parts of civil aircraft classifiable under HTSUS statistical reporting number 8803.30.0030. *See* Drawback Claim No. AA6 03265726.

14. Plaintiff was both the importer and exporter of the merchandise subject to Drawback Claim No. AA6 03265726 and had the right to claim drawback pursuant to 19 C.F.R. §190.33(b)(1)(i) (2020).

15. Plaintiff filed its unused merchandise drawback claim in CBP's Automated Commercial Environment ("ACE") drawback module. *See* CBP, *Drawback in ACE, available at*: https://www.cbp.gov/trade/automated/news/drawback (last visited March 3, 2020).

16. CBP's ACE drawback module rejected Plaintiff's Drawback Claim No. AA6 03265726 on January 29, 2020.

**BASIS FOR CBP'S REJECTION OF
PLAINTIFF'S DRAWBACK CLAIM**

17. On February 24, 2018, CBP deployed TFTEA drawback in ACE. *See* CBP, *Drawback in ACE*.

18. Since February 24, 2018, CBP's ACE drawback module is the exclusive method by which exporters may file a drawback claim. *Id*.

19. CBP's ACE drawback module electronically validates drawback claims and will automatically reject the claim if a data element does not match its programming. *Id*.

20. CBP rejected Plaintiff's drawback claim, stating "HTS NBR IS BASKET PROVISION 8803300030."

21. Plaintiff has learned from CBP officials that the ACE drawback module automatically rejects any claim when the term "other" appears at the 10-digit statistical reporting number level even where this term is modified by a preceding phrase that is part of the article description for that 10-digit HTS statistical reporting number.

22. CBP's ACE system interprets 10-digit HTSUS statistical reporting number 8803.30.0030 to begin with the term "other" and does not recognize the preceding modifying phrase "For use in civil aircraft."

**THE UNUSED SUBSTITUTE MERCHANDISE DRAWBACK
STATUTE AND REGULATIONS**

23. 19 U.S.C. § 1313 (2018) (the "Drawback Statute") provides for drawback or refunds on certain types of merchandise.

24. The Drawback Statute was amended in 2015 by the TFTEA, Public Law No. 114-125, 130 Stat. 122 (2015).

25. 19 U.S.C. § 1313(j) (2018) provides for "unused merchandise drawback" as follows:

> **(1)** If imported merchandise, on which was paid any duty, tax, or fee imposed under Federal law upon entry or importation—

**(A)** is, before the close of the 5-year period beginning on the date of importation and before the drawback claim is filed—

> **(i)** exported, or
>
> **(ii)** destroyed under customs supervision; and

**(B)** is not used within the United States before such exportation or destruction;

then upon such exportation or destruction an amount calculated pursuant to regulations prescribed by the Secretary of the Treasury under subsection (l) shall be refunded as drawback. The exporter (or destroyer) has the right to claim drawback under this paragraph, but may endorse such right to the importer or any intermediate party.

**(2)** Subject to paragraphs (4), (5), and (6), if there is, with respect to imported merchandise on which was paid any duty, tax, or fee imposed under Federal law upon entry or importation, any other merchandise (whether imported or domestic), that—

> (A) is classifiable under the same 8-digit HTS subheading number as such imported merchandise;
>
> (B) is, before the close of the 5-year period beginning on the date of importation of the imported merchandise and before the drawback claim is filed, either exported or destroyed under customs supervision; and
>
> **(C)** before such exportation or destruction—
>
> > **(i)** is not used within the United States, and
> >
> > **(ii)** is in the possession of, including ownership while in bailment, in leased facilities, in transit to, or in any other manner under the operational control of, the party claiming drawback under this paragraph, if that party—
> >
> > > (I) is the importer of the imported merchandise, or
> > >
> > > (II) received the imported merchandise, other merchandise classifiable under the same 8-digit HTS subheading number as such imported merchandise, or any combination of such imported merchandise and such other merchandise, directly or indirectly from the person who imported and paid any duties, taxes, and fees imposed under Federal law upon importation or entry and due on the imported merchandise (and any such transferred merchandise, regardless of its origin, will be treated as the imported merchandise and any retained merchandise will be treated as domestic merchandise);
> > >
> > > then, notwithstanding any other provision of law, upon the exportation or destruction of such other merchandise an amount calculated pursuant to regulations prescribed by the Secretary of the Treasury under subsection (l) shall be refunded as drawback. Notwithstanding subparagraph (A), drawback shall be allowed under this paragraph with respect to wine if the imported wine and the exported wine are of the same color and the price variation between the imported wine and the exported wine does not exceed 50 percent. Transfers of merchandise may be evidenced by business

records kept in the normal course of business and no additional certificates of transfer shall be required.

\*       \*       \*

26. 19 U.S.C. § 1313(j)(5) (2018) further clarifies the availability of substitution unused merchandise drawback as follows:

**(A)** For purposes of paragraph (2) and except as provided in subparagraph (B), merchandise may not be substituted for imported merchandise for drawback purposes based on the 8-digit HTS subheading number if the article description for the 8-digit HTS subheading number under which the imported merchandise is classified begins with the term "other".

**(B)** In cases described in subparagraph (A), merchandise may be substituted for imported merchandise for drawback purposes if –
    **(i)** the other merchandise and such imported merchandise are classifiable under the same 10-digit HTS statistical reporting number; and
    **(ii)** the article description for that 10-digit HTS statistical reporting number does not begin with the term "other".

27. CBP implemented the final regulations giving effect to the amendments in the TFTEA on December 17, 2019 after being ordered to do so by this Court. 83 Fed. Reg. 64942; *Tabacos de Wilson, Inc., et al v. United States, et al.*, Slip Op. 18-138 (Ct. Int'l Trade, October 12, 2018).

28. In the Federal Register Notice implementing the final regulations, CBP stated that:

[CBP] agrees that Congress has supported substitution drawback. In fact, the rule and statute expand the availability of substitution for drawback claims …. This practice continues under TFTEA, which also allows for substitution unused merchandise drawback claims when the imported and substituted merchandise are classifiable under the same 8-digit (or, in some cases, 10-digit) HTSUS subheading number, as provided for in 19 U.S.C. 1313(j)(2) and (5).

83 Fed. Reg. 64942.

29. CBP's Regulations, at 19 C.F.R. §190.32(a) (2020), address substitution unused merchandise

drawback as follows:

> **(a) General**. Section 313(j)(2) of the Act, as amended (19 U.S.C. 1313(j)(2)), provides for drawback of duties, taxes, and fees paid on imported merchandise based on the export or destruction under CBP supervision of substituted merchandise (as defined in §190.2, pursuant to 19 U.S.C. 1313(j)(2)), before the close of the 5-year period beginning on the date of importation of the imported merchandise and before the drawback claim is filed, and before such exportation or destruction the substituted merchandise is not used in the United States (see paragraph (e) of this section) and is in the possession of the party claiming drawback. The amount of duties, taxes, and fees eligible for drawback is determined by per unit averaging, as defined in 19 CFR 190.2, for any drawback claim based on 19 U.S.C. 1313(j)(2).

30. The CBP Regulations, at 19 C.F.R. § 190.2 (2020), define "substituted merchandise or articles"

in relevant part as follows:

> *          *          *

> *Substituted merchandise or articles* means merchandise or articles that may be substituted as follows:

> *     *     *

> **(3)** For unused merchandise drawback pursuant to section 1313(j)(2), substituted merchandise must be classifiable under the same 8-digit HTSUS subheading number as the designated imported merchandise except for wine which may also qualify pursuant to §190.32(d), but when the 8-digit HTSUS subheading number under which the imported merchandise is classified begins with the term "other," then the other merchandise may be substituted for imported merchandise for drawback purposes if the other merchandise and such imported merchandise are classifiable under the same 10-digit HTSUS statistical reporting number and the article description for that 10-digit HTSUS statistical reporting number does not begin with the term "other"; but when the first 8 digits of the 10-digit Schedule B number applicable to the exported merchandise are the same as the first 8 digits of the HTSUS subheading number under which the imported merchandise is classified, the merchandise may be substituted (without regard to whether the Schedule B number corresponds to more than one 8-digit HTSUS subheading number);

> *     *     *

31. The CBP Regulations, at 19 C.F.R. §190.33(b)(1)(i) (2020), identify the persons entitled to

claim unused merchandise drawback and state, in relevant part, as follows:

\*          \*          \*

**(b)** *Substitution.*

> **(1)** Under 19 U.S.C. 1313(j)(2), as amended, the following parties may claim drawback:
>
> > **(i)** In situations where the exporter or destroyer of the substituted merchandise is also the importer of the imported merchandise, that party will be entitled to claim drawback.

\*          \*          \*

### INTERPRETATION OF HTSUS STATISTICAL REPORTING NUMBER 8803.30.0030

32. At the time Plaintiff filed Drawback Claim AA6 03265726, the HTSUS contained the

following language in heading 8803:

**Harmonized Tariff Schedule of the United States (2020) Revision 1**
Annotated for Statistical Reporting Purposes

XVII
88-4

| Heading/ Subheading | Stat. Suf-fix | Article Description | Unit of Quantity | Rates of Duty General | Rates of Duty 1 Special | Rates of Duty 2 |
|---|---|---|---|---|---|---|
| 8803 | | Parts of goods of heading 8801 or 8802: | | | | |
| 8803.10.00 | | Propellers and rotors and parts thereof............... | ............ | Free²⁄ | | 27.5% |
| | | For use in civil aircraft: | | | | |
| | 15 | For use by the Department of Defense or the United States Coast Guard³⁄............... | kg | | | |
| | 30 | Other³⁄............... | kg | | | |
| | 60 | Other............... | kg | | | |
| 8803.20.00 | | Undercarriages and parts thereof............... | ............ | Free²⁄ | | 27.5% |
| | | For use in civil aircraft: | | | | |
| | 15 | For use by the Department of Defense or the United States Coast Guard³⁄............... | kg | | | |
| | 30 | Other³⁄............... | kg | | | |
| | 60 | Other............... | kg | | | |
| 8803.30.00 | | Other parts of airplanes or helicopters............... | ............ | Free²⁄ | | 27.5% |
| | | For use in civil aircraft: | | | | |
| | 15 | For use by the Department of Defense or the United States Coast Guard³⁄............... | kg | | | |
| | 30 | Other⁴⁄............... | kg | | | |
| | 60 | Other............... | kg | | | |

USITC, *Harmonized Tariff Schedule of the United States, Version: 2020 Revision 1, available at* https://hts.usitc.gov/view/release?release=2020HTSARev1 (last visited March 3, 2020).

33. The HTSUS is a statute codified at 19 U.S.C. § 1202.

8

34. The meaning of the HTSUS may be assisted by the canons of statutory construction. *Michael Simon Design, Inc. v. United States*, 452 F. Supp. 2d 1316, 1322 (Ct. Int'l Trade 2006).

35. The Scope-of-Subparts Canon provides that unindented text relates to all following indented subparts. Antonin Scalia & Bryan A Garner, *Reading Law: The Interpretation of Legal Texts* at 156 (2014) (discussing the Scope-of-Subparts Canon).

36. Based on the Scope-of-Subparts Canon the text "*Other parts of airplanes or helicopters*" next to HTSUS subheading number "8803.30.00" relates to all following indented language.

37. Based on the Scope-of-Subparts Canon the text "*For use in civil aircraft*" below HTSUS subheading number "8803.30.00" relates to all following indented language, specifically the two phrases "*For use by the Department of Defense or the United States Coast Guard*" and "*Other*."

38. The Punctuation Canon provides that punctuation is a permissible indicator of meaning. *Id.* at 161 (discussing the Punctuation Canon).

39. The colon after the text "*For use in civil aircraft*" below HTSUS subheading number "8803.30.00" associates this phrase with the two following indented phrases ("*For use by the Department of Defense or the United States Coast Guard*" and "*Other*"), which expand on this preceding language. *United States v. UPS Customhouse Brokerage, Inc.*, 558 F. Supp. 2d 1331, 1348-49 (Ct. Int'l Trade 2008).

40. The article description for HTSUS subheading 8803.30.00 at the 8-digit level provides for "*Other parts of airplanes or helicopters*."

41. The article description for HTSUS subheading 8803.30.00 begins with the term "*other*" at the 8-digit level.

42. When properly interpreted, the article description for "*Other parts of airplanes or helicopters*" classifiable under HTSUS statistical reporting number 8803.30.0030 at the 10-digit level provides for such goods "*For use in civil aircraft: Other.*"

43. Applying the canons of construction, based on the plain language of the statute, HTSUS statistical reporting number 8803.30.0030 does not begin with the term "*other*" at the 10-digit level.

44. At the 10-digit level, statistical reporting number 8803.30.0030 begins with the phrase "*For use in civil aircraft.*"

45. This interpretation is consistent with the way CBP instructs the trade community to read a 10-digit statistical reporting number that is modified by a preceding phrase as encompassing that preceding phrase. *See* CBP, *What Every Member of the Trade Community Should Know About Tariff Classification*, pp. 11-12 (May 2004), *available at*: https://www.cbp.gov/sites/default/files/assets/documents/2020-Feb/icp017r2_3_0.pdf (last visited March 3, 2020).

### JURISDICTION

46. This Court has jurisdiction over this action under 28 U.S.C. § 1581(a).

47. This is an action contesting CBP's decision under Section 1515 of the Tariff Act of 1930 (19 U.S.C. § 1515) denying Plaintiff's protest of CBP's rejection of Plaintiff's drawback claim.

48. Plaintiff is the drawback claimant for the drawback claim at issue in this action and has standing to bring this action.

49. The drawback claim that is the subject of this action was rejected on January 29, 2020 and an administrative protest was timely filed and subsequently denied by CBP on March 14, 2020.

50. This civil action was timely commenced through the filing of a summons within 180 days of the protest denial.

51. This Court also has jurisdiction over this action under 28 U.S.C. § 1581(i).

52. This is an action contesting CBP's administration and enforcement of 19 U.S.C. § 1313 (2018).

53. 19 U.S.C. § 1313 (2018) is a law providing for the drawback and refund of duties paid on merchandise imported into the United States (revenue from imports).

## COUNT I
## Administrative Procedure Act (APA)

## 5 U.S.C. §§ 701-706 (2018)

54. The allegations of the above Paragraphs are incorporated in this Paragraph by reference as if fully set forth herein.

55. CBP is an agency, *i.e.*, an authority of the Government of the United States. *See* CBP, *About CBP, available at* https://www.cbp.gov/about (last visited March 3, 2020) (referring to itself as an "Agency").

56. CBP has rejected Plaintiff's Drawback Claim No. AA6 03265726, *i.e.*, its request for a refund of duties and fees.

57. CBP's rejection of Plaintiff's drawback claim seeking relief in the form of a refund of duties and fees is a final agency action.

58. Plaintiff has suffered monetary injury due to CBP's failure to accept its drawback claim and refund the duties and fees paid on imported merchandise.

59. CBP's rejection of Plaintiff's drawback claim caused Plaintiff's monetary injury.

60. The monetary injury suffered by Plaintiff due to Defendant's rejection of the drawback claim and resulting failure to refund of Plaintiff's duties and fees is specifically addressed by 19 U.S.C. § 1313 (2018) and the related CBP Regulations.

11

61. Plaintiff's monetary injury, CBP's administrative rejection of the drawback claim that caused Plaintiff's monetary injury, this Court's ability to remedy the monetary injury, and the zone of interest created by 19 U.S.C. § 1313 (2018) gives Plaintiff standing under the APA.

62. A court reviewing agency action under the APA shall "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action," and "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A), (C) (2018).

63. The language of the Drawback Statute, at 19 U.S.C. § 1313(j)(5) (2018), unambiguously provides drawback for unused substitute merchandise where "the other merchandise and such imported merchandise are classifiable under the same 10-digit HTSUS statistical reporting number and the article description for that 10-digit HTSUS statistical reporting number does not begin with the term 'other.'"

64. Plaintiff claimed drawback on unused substitute merchandise classifiable in the same 10-digit HTSUS statistical reporting number as its imported merchandise, HTSUS statistical reporting number 8803.00.0030.

65. HTSUS statistical reporting number 8803.00.0030 provides for *"Parts of goods of heading 8801 or 8802: Other parts of airplanes or helicopters <u>For use in civil aircraft: Other</u>."*

66. The article description for HTSUS statistical reporting number 8803.00.0030 begins with the words "*For use in civil aircraft*" at 10-digit HTSUS level.

67. Since the exported merchandise is classifiable under the same 10-digit HTSUS statistical reporting number as the imported merchandise and the 10-digit HTSUS statistical reporting

number does not begin with the term "other," Plaintiff has met the requirements of the Drawback Statute for unused substitute merchandise drawback and CBP should have accepted Plaintiff's drawback claim.

68. CBP's rejection of Plaintiff's drawback claim was contrary to the plain language of the HTSUS, as well as the requirements of 19 U.S.C. § 1313(j)(5) (2018).

69. The ACE drawback module will not allow Plaintiff to file its drawback claim due to its programming by CBP; thus, Plaintiff has no administrative method for filing its drawback claim and receiving a refund of the duties and fees paid on its imported merchandise.

70. CBP's agency action of rejecting Plaintiff's drawback claim due to its ACE drawback module programming is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with 19 U.S.C. § 1313 (2018) or the plain language of the HTSUS. 5 U.S.C. §706(2)(A).

71. CBP's agency action of rejecting Plaintiff's drawback claim due to its ACE drawback module programming is in excess of the agency's statutory jurisdiction, authority, or limitations, or short of statutory right. 5 U.S.C. §706(2)(C).

72. This Court has the ability to offer redress for Plaintiff's monetary injury in the form of declaratory judgment or a writ of mandamus requiring CBP to update its ACE programming to properly give effect to the plain language of the HTSUS.

**COUNT II**
**Declaratory Judgment**

**5 U.S.C. §§ 701-706, 28 U.S.C. §§ 2201-2202, 28 U.S.C. § 2643(c)(1)**

73. The allegations of the above Paragraphs are incorporated in this Paragraph by reference as if fully set forth herein.

74. The Court may declare the legal rights and obligations of the parties under 28 U.S.C. §§ 2201 and 2202 (2018) because this action presents an actual controversy within the Court's

jurisdiction.

75. This Court "can order any . . . form of relief that is appropriate in a civil action, including, but not limited to, declaratory judgments, orders of remand, injunctions, and writs of mandamus and prohibition."  28 U.S.C. § 2643(c)(1) (2018).

76. CBP understands and has acknowledged that its ACE drawback module cannot process Plaintiff's drawback claim, creating an actual controversy between the parties.

77. Plaintiff will continue to suffer monetary injury by CBP's agency action of denying unused substitute merchandise drawback claims under HTSUS statistical reporting number 8803.30.0030 in its ACE drawback module.

78. For the reasons explained above, CBP's agency action denying Plaintiff's claim is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; CBP's agency action is also in excess of the agency's statutory jurisdiction, authority, or limitations, or short of statutory right.

79. Plaintiff is therefore entitled to a judgment declaring that:

a) the article description for 10-digit HTSUS statistical reporting number 8803.30.0030 does not begin with the term "other";

b) the article description for 10-digit HTSUS statistical reporting number 8803.30.0030 begins with the phrase "For use in civil aircraft"; and

c) merchandise classifiable under 10-digit HTSUS statistical reporting number 8803.30.0030 is eligible for unused substitute merchandise drawback under 19 U.S.C. § 1313(j)(5) (2018).

## COUNT III
## Writ of Mandamus

**5 U.S.C. §§ 701-706, 28 U.S.C. § 1651, 28 U.S.C. §§ 2201-2202, 28 U.S.C. § 2643(c)(1)**

80. The allegations of above Paragraphs are incorporated in this Paragraph by reference as if fully set forth herein.

81. This Court "can order any . . . form of relief that is appropriate in a civil action, including, but not limited to, declaratory judgments, orders of remand, injunctions, and writs of mandamus and prohibition." 28 U.S.C. § 2643(c)(1) (2018).

82. CBP, through its ACE drawback module, deprives Plaintiff of monetary refunds of duties and fees by denying drawback claims arbitrarily and capriciously, which is an abuse of discretion and otherwise not in accordance with law; CBP's ACE drawback module also operates in excess of the agency's statutory jurisdiction, authority, or limitations, or short of statutory right.

83. Plaintiff has no adequate means to obtain the relief it desires administratively because CBP's ACE drawback module will not accept drawback claims under the 10-digit HTSUS statistical reporting number 8803.30.0030.

84. Plaintiff has an indisputable right to issuance of the writ because, pursuant to 19 U.S.C. § 1313 (2018), it is entitled to file a claim for a refund of duties and fees based on substitute unused merchandise drawback for goods classifiable under 10-digit HTSUS statistical reporting number 8803.30.0030.

85. CBP has a nondiscretionary duty to give effect to the plain language of 19 U.S.C. § 1313(j)(5) (2018) by accepting drawback claims on unused substitute merchandise which is classifiable in the same 10-digit statistical reporting number as the imported merchandise when that statistical reporting number does not begin with the term "other."

86. Plaintiff petitions this Court to issue an order compelling CBP to correct its ACE drawback module to allow for unused substitute merchandise drawback claims under the 10-digit HTSUS statistical reporting number 8803.30.0030.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor as follows:

a) determining that the article description for 10-digit HTSUS statistical reporting number 8803.30.0030 does not begin with the term "Other;";

b) determining that the article description for the 10-digit HTSUS statistical reporting number 8803.30.0030 begins with the phrase "For use in civil aircraft:";

c) determining that merchandise classifiable under 10-digit HTSUS statistical reporting number 8803.30.0030 is eligible for unused substitute merchandise drawback under 19 U.S.C. § 1313(j)(5) (2018);

d) ordering CBP to correct its ACE drawback module to allow for unused substitute merchandise drawback claims where the imported and exported merchandise are classifiable under HTSUS statistical reporting number 8803.30.0030; and

e) granting such other additional relief as this Court deems just and appropriate.


Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**
Attorneys for Plaintiff
Spirit AeroSystems, Inc.
191 N. Wacker Dr. Suite 3700
Chicago, IL 60606
Telephone: (312) 569-1157

By:   */s/ William Randolph Rucker*

Dated: April 27, 2020                     Wm. Randolph Rucker

**CERTIFICATE OF SERVICE**

William R. Rucker certifies that he is an attorney with the law firm of Faegre Drinker

Biddle & Reath LLP, with offices located at 191 North Wacker Drive, Suite 3700, Chicago, Illinois

60606, and that on April 27, 2020 on behalf of the Plaintiff herein, he served the attached

Complaint on:

**Alexander J. Vanderweide**
U.S. Department of Justice
Commercial Litigation Branch, Civil Division
26 Federal Plaza
Suite 346
New York, NY 10278
Email: alexander.vanderweide@usdoj.gov

**Attorney-in-Charge**
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza - Room 346
Civil Division
New York, NY 10278
Email: civil.itfoecf@usdoj.gov

**CBP Assistant Chief Counsel**
U.S. Department of Homeland Security
International Trade Litigation
U.S. Customs and Border Protection
26 Federal Plaza - Room 258
New York, NY 10278
Email: gmb.asstchiefcounselitl@cbp.dhs.gov

the attorneys for the Defendants herein, by electronic service in the CM/ECF System of the

Court of International Trade.

/s/ William R. Rucker