Slip Op. 20-119

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SPIRIT AEROSYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ET AL., <br><br> Defendants. | Before: Claire R. Kelly, Judge <br><br> Court No. 20-00094 |

## OPINION AND ORDER

[Granting plaintiff's motion for leave to file an amended summons, granting defendants' motion to partially dismiss plaintiff's complaint, and granting defendants' motion for an extension of time to respond to plaintiff's complaint.]

Dated: August 17, 2020

William Randolph Rucker, Faegre Drinker Biddle & Reath LLP, of Chicago, IL, for plaintiff Spirit AeroSystems, Inc.

Ethan P. Davis, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendants. With him on the brief were Jeanne E. Davidson, Director, Justin R. Miller, Attorney-in-Charge, and Alexander Vanderweide, Trial Attorney. Of counsel was Mathias Rabinovitch, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of Washington, DC.

Kelly, Judge: Before the court is Plaintiff Spirit AeroSystems, Inc.'s ("Spirit") motion for leave to file an amended summons, Defendants' partial motion to dismiss, and Defendants' motion for an extension of time to respond to Plaintiff's complaint See [Pl.'s] Mot. Leave File Am. Summons, Apr. 27, 2020, ECF No. 7 ("Pl.'s Mot."); Defs.' Partial Mot. Dismiss & Resp. Opp'n [Pl.'s Mot.], May. 18, 2020, ECF No. 8

Court No. 20-00094 Page 2

("Defs.' Partial Mot. Dismiss"); Defs.' Memo. Supp. [Defs.' Partial Mot. Dismiss], May 18, 2020, ECF No. 8 ("Defs.' Br."); Defs.' Mot. Resp. Pl.'s Compl., July 17, 2020, ECF No. 14 ("Defs.' Mot."). Spirit challenges the rejection of its drawback claim by U.S. Customs and Border Protection ("CBP"), following the timely administrative protest and denial of the protest. See Compl., Apr. 27, 2020, ECF No. 6. Plaintiff now requests leave to file an amended summons to assert jurisdiction under 28 U.S.C. § 1581(i) in addition to 28 U.S.C. § 1581(a). See Pl.'s Mot.; see also Pl.'s Memo. Opp'n [Defs.' Partial Mot. Dismiss] & Supp. [Pl.'s Mot.] at 8–9, 15, June 22, 2020, ECF No. 11 ("Pl.'s Resp. Br."). Defendants seek to partially dismiss Plaintiff's complaint with respect to the assertion of jurisdiction under 28 U.S.C. § 1581(i) and oppose Spirit's motion for leave to file an amended summons. See Defs.' Br. at 1, 4–10. In light of the contested jurisdictional basis for this action, Defendants request additional time to respond to the complaint, see Defs.' Mot. at 1–2, which Spirit opposes. See [Pl.'s] Resp. [Defs.' Mot.], Aug. 6, 2020, ECF No. 16 ("Pl.'s Resp. Defs.' Mot."). For the reasons that follow, the court grants Spirit's motion for leave to file an amended summons, grants Defendants' motion to partially dismiss Spirit's complaint with respect to its assertion of jurisdiction under 28 U.S.C. § 1581(i) (2012),[1] and grants Defendants' motion for an extension of time to respond to the complaint.

---

[1] Further citations to Title 28 of the United States Code are to the 2012 edition.

Court No. 20-00094                                                                                                                                                               Page 3

## BACKGROUND

On December 29, 2018, Spirit filed an unused merchandise drawback claim in CBP's Automatic Commercial Environment ("ACE") system based on the export of unused parts of civil aircraft, classifiable under the Harmonized Tariff Schedule of the United States ("HTSUS") subheading 8803.30.0030, "Parts of goods of heading 8801 or 8802: Other parts of airplanes or helicopters: For use in civil aircraft: Other." See Summons, Apr. 21, 2020, ECF No. 1; Compl. at ¶¶ 9–15. On January 29, 2020, the ACE drawback module rejected Spirit's claim. Compl. at ¶ 16. Spirit filed an administrative protest on February 13, 2020, which CBP denied on March 14, 2020. See generally Summons; see also Compl. at ¶ 49.

On April 21, 2020, Spirit initiated this action[2] by filing a summons, which asserts jurisdiction under 28 U.S.C. § 1581(a). See generally Summons. However, in its complaint filed on April 27, 2020, Spirit argues that this court has jurisdiction under both 28 U.S.C § 1581(a) and (i). See Compl. at ¶¶ 46, 51. That same day, Spirit moved for leave to file an amended summons to assert jurisdiction under subsection 1581(i) and attached a copy of the amended summons to the complaint. See generally Pl.'s Mot.

---

[2] Spirit challenges CBP's denial of its protest as well as CBP's administration and enforcement of the drawback statute. See Compl. at ¶¶ 47, 52–53.

## STANDARD OF REVIEW

The party seeking the Court's jurisdiction has the burden of establishing that jurisdiction exists. See Norsk Hydro Canada, Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006); see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

## DISCUSSION

### I. Motion for Leave to File an Amended Summons

Spirit seeks to amend its summons, which it previously filed on USCIT Form 1 and only designates jurisdiction under 28 U.S.C. § 1581 (a), and to file, as its amended summons, USCIT Form 4, which references the concurrently filed complaint that asserts jurisdiction under both 28 U.S.C. § 1581 (a) and (i). See generally Pl.'s Mot.[3] Invoking U.S. Court of International Trade ("USCIT") Rule 3(e), Spirit argues that the court should grant leave to file an amended summons and

---

[3] Defendants are mistaken in asserting that the original and amended summons are identical. See Defs.' Br. at 2, 9. The United States Court of International Trade has several model summons forms for litigants to complete fillable, blank fields. Relevant here, Form 1 is used in actions commenced pursuant to 28 U.S.C. § 1581(a) and U.S. Court of International Trade ("USCIT") Rule 3(a)(1), and states, inter alia, that "a civil action has been commenced pursuant to 28 U.S.C. § 1581(a) to contest denial of the protest[.]" See USCIT Rules, Appendix of Forms, Form 1; see also id. at Specific Instructions – Form 1 ("This form summons is only to be used in those actions described in 28 U.S.C. § 1581(a).") Form 4, by contrast, is a general summons and refers to the complaint. Id., Appendix of Forms, Form 4; see also id. at Specific Instructions – Form 4 ("This form of summons is to be used in all actions other than those actions in which the form of summons to be used is Form 1, 2, 03 3."). Here, Spirit filled out the U.S. Court of International Trade Form 1 summons as its original summons; its proposed amended summons includes a Form 4 summons that references the complaint. See Am. Summons at 3, Apr. 27, 2020, ECF No. 7-1.

asserts that Defendants would suffer no material prejudice from allowing amendment. See Pl.'s Resp. Br. at 8–9. Defendants counter that because Spirit failed to file its initial summons and complaint concurrently, it cannot now amend its summons to include a claim based on 28 U.S.C. § 1581(i), even though it is concurrently filing a complaint with the amended summons. See Defs.' Br. at 5–10. For the reasons that follow, the court grants Spirit's motion for leave to file an amended summons.

USCIT Rule 3(e) provides that the court may allow a party to amend a summons "at any time on such terms as it deems just, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the amendment is allowed." USCIT R. 3(e). An action under subsection (i) is commenced "by filing concurrently with the clerk of the court a summons and complaint[.]" 28 U.S.C. § 2632(a); see also USCIT R. 3(a)(3).

Here, Defendants do not allege material prejudice. See generally Defs.' Br.; Defs.' Reply [Pl.'s Resp. Br.], July 13, 2020, ECF No. 12 ("Defs.' Reply Br.").[4]

---

[4] Defendants caution that allowing amendment, such that the amended summons is deemed filed on the same date as the complaint, would circumvent the concurrent filing requirement under 28 U.S.C. § 2632(a). See Defs.' Reply. Br. at 5. Yet, by filing an amended summons on the same day that it filed the complaint, Spirit is filing a concurrent summons and complaint. To the extent that circumvention could be an issue, it is not one under the facts of this case. Here, the statute of limitations for Spirit to file an action asserting jurisdiction under 28 U.S.C. § 1581(i) has not yet run, as its drawback claim was rejected on January 29, 2020. See Compl. at ¶ 16; see

(footnote continued)

Therefore, the court grants Plaintiff's request to file an amended summons, because doing so would not materially prejudice Defendants' rights. However, even though the amended summons is deemed filed on the same date as the complaint, the court lacks jurisdiction under 28 U.S.C. § 1581(i) for the reasons explained below.

## II. Motions to Partially Dismiss Spirit's Complaint and for an Extension of Time to Respond to the Complaint

Defendants move to partially dismiss Spirit's complaint pursuant to USCIT R. 12(b)(1) with respect to its assertion of jurisdiction under 28 U.S.C. § 1581(i). See Defs.' Br. at 4–10. Defendants contend that Spirit cannot invoke jurisdiction under subsection (i) because jurisdiction is available under subsection (a) and the remedy under that subsection is not manifestly inadequate. See id. at 4–5. In the alternative, Defendants allege that Spirit has failed to state a claim for which relief could be granted with respect to asserted jurisdiction under subsection (i) and requests dismissal pursuant to USCIT R. 12(b)(6). Id. at 1, 3, 8. Because jurisdiction is contested, Defendants request additional time to respond to Spirit's complaint until after the court issues its decision on the partial motion to dismiss. See Defs.' Mot. at

---

also 28 U.S.C. § 2636(i) (providing a two-year of statute of limitations period from the date the action first accrued for civil actions commenced under section 1581(i)). Spirit could have filed commenced an entirely new action by filing a second summons along with a complaint concurrently so to assert jurisdiction under subsection (i) and subsequently moved to consolidate the two cases. However, requiring it to do so would undermine judicial economy.

Court No. 20-00094                                                                                                Page 7

1–2.[5]  Specifically. if the court grants the motion to dismiss and denies Spirit's motion for leave to amend the summons, Defendants request 30 days from the date of the court's decision on the motion to dismiss to respond to the complaint.  See id. at 2.  Spirit counters that the court has jurisdiction under subsection (i), because jurisdiction under subsection (a) would be manifestly inadequate.  See Pl.'s Resp. Br. at 4–8.  According to Spirit, filing its complaint concurrently with the amended summons satisfies the statutory requirement to commence a case under 28 U.S.C. § 2632(a) for jurisdiction to lay under subsection (i).  Id. at 10–14.  Spirit disagrees that it failed to state a claim for which relief can be granted.  Id. at 14–15.  Finally, Spirit opposes Defendants' request for additional time to respond to the complaint until after the court renders its decision on the motion to dismiss because, in Spirit's view, Defendants could file an answer to the complaint, irrespective of whether the court determines it has jurisdiction under subsection (i).  See Pl.'s Resp. Defs.' Mot. at 2–3.[6]  For the following reasons, because the court lacks jurisdiction under

---

[5] Defendants explain that, should the court exercise jurisdiction under 28 U.S.C. § 1581(i), they would be required to file the administrative record concurrently with the filing of their response to the complaint.  See Defs.' Mot. at 2.  Therefore, to conserve resources, Defendants request additional time to respond to the complaint after the court resolves the pending motion to dismiss.  See id.

[6] Spirit, however, does not oppose an extension of time for Defendants to respond the complaint that is "limited to a specific number of days" and requests any additional time be limited to an additional 30 days from the existing deadline to respond, rather than 30 days from the issuance of the court's decision on the motion to dismiss.  See Pl.'s Resp. Defs.' Mot. at 4.  Noting that Defendants must file the administrative record concurrently with their response to the complaint, Spirit does not oppose an extension of time for Defendants to file the administrative record until 30 days after the court renders its decision on the motion to dismiss.  See id. at 3–4.

Court No. 20-00094 Page 8

subsection (i), the court grants Defendants' motion to partially dismiss Spirit's complaint and grants the motion for an extension of time to respond to the complaint.

Under section 313 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1313 (2016),[7] CBP will refund up to 99% of duties and fees paid on goods imported into the United States if, inter alia, an importer, like Spirit, exports substitute unused merchandise that is commercially interchangeable with the imported goods. 19 U.S.C. § 1313(j)(2), (l). An exporter of substitute unused merchandise may claim that refund, or "drawback," by satisfying the requirements prescribed by statute and regulation. See generally id.; 19 C.F.R. § 191.82. If a drawback claim is rejected, an exporter may file a protest, which, if denied, see 19 U.S.C. §§ 1514(a)(6), 1515, may be contested before this Court. 28 U.S.C. § 1581(a).

Section 1581 of Title 28 of the U.S. Code enumerates the Court's jurisdictional bases. 28 U.S.C. § 1581. Relevant here, subsection (a) grants the Court "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930," id. at § 1581(a), which pertains to review of protests denied by CBP. See 19 U.S.C. § 1515. Subsection (i) is a "residual" grant of jurisdiction for review of, inter alia, the "administration and enforcement" of claims that can be challenged under 28 U.S.C. § 1581(a), see 28

---

[7] All further citations to the Tariff Act of 1930, as amended, are the relevant provisions of Title 19 of the U.S. Code, 2012 edition, except for citations to 19 U.S.C. § 1313, which are to the 2016 version, as amended pursuant to Section 906 of the TFTEA, Pub. L. No. 114-125, 130 Stat. 122 (2015).

U.S.C. § 1581(i)(4),[8] and claims when the remedy under another subsection of 1581 would be manifestly inadequate. See Fujitsu Gen. Am., Inc. v. United States, 283 F.3d 1364, 1371 (Fed. Cir. 2002) (citations omitted).

Spirit's request for a declaratory judgment and for a writ of mandamus requiring CBP to update its ACE drawback module to allow for unused substitute merchandise drawback claims classifiable under HTSUS 8803.30.0030 lies in a challenge to CBP's denial of a protest. See Compl. at ¶¶ 47–50, Request for Relief , 80–86. Spirit concedes that it considers jurisdiction to exist under subsection (a). See Pl.'s Mot. at 1–2. Because jurisdiction is available under subsection (a), jurisdiction under subsection (i) is foreclosed. See Sunpreme, Inc. v. United States, 892 F.3d 1186, 1191–92 (Fed. Cir. 2018); Int'l Customs Prods., Inc. v. United States, 467 F.3d 1324, 1327 (Fed. Cir. 2006). [9]

Although Spirit contends that the remedy under 28 U.S.C.§ 1581(a) would be manifestly inadequate, the Court is empowered under 28 U.S.C. § 2643 to order "any other form of relief that is appropriate[,]" such as compelling agency action, in an

---

[8] Spirit also invokes jurisdiction under subsection (i)(2), which provides the Court with exclusive jurisdiction over actions challenging "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue[.]" See Pl.'s Resp. Br. at 4. Spirit does not elaborate further on this jurisdictional theory. See generally id.

[9] This is not a case in which the court lacks jurisdiction; rather, for the reasons recounted above, jurisdiction under 28 U.S.C. § 1581(a) is the appropriate basis to review CBP's rejection of Spirit's drawback claim. Cf. Mittal Steel Galati S.A. v. United States, 31 CIT 730, 736, 491 F. Supp. 2d 1273, 1279–80 (2007).

Court No. 20-00094                                                                                         Page 10

action under subsection (a)—the exact relief Spirit seeks here.[10] Compare 28 U.S.C. § 2643(c) with Compl. at Request for Relief. Spirit argues CBP rejected Spirit's unused merchandise drawback claim due to an erroneous interpretation of the drawback statute embedded in the ACE drawback module programming. See Pl.'s Resp. Br. at 7; see also Compl. at ¶¶ 17–45, 63–69. Spirit's complaint alleges that the Trade Facilitation and Enforcement Act of 2015 ("TFTEA") amended the drawback statute, providing drawback can be claimed on unused substitute merchandise if classifiable under the same 8-digit HTSUS subheading as the imported goods. See Compl. at ¶¶ 5–8, 23–45 (citing Pub. L. No. 114-125, 130 Stat. 122 (2015); 19 U.S.C. § 1313(j)(5)). However, Spirit contends that if the 8-digit subheading begins with the term "other," drawback can be claimed under the same 10-digit subheading as the imported goods, except if the article description at the 10-digit subheading begins

---

[10] Spirit alleges that because CBP "automatically" rejected its request, CBP did not make a decision that Spirit could protest. See Pl.'s Resp. Br. at 7. As support, Spirit cites Carnival Cruise Lines, Inc. v. United States, 18 CIT 1020, 866 F. Supp. 1437 (1994). See Pl.'s Resp. Br. at 6–7. However, that case is readily distinguishable and, as a decision of this Court, not binding. In Carnival Cruise Lines, the plaintiffs protested harbor maintenance fees and commenced an action before this Court before the protest was approved or denied, alleging that neither the statute nor regulations required a protest before seeking a refund of fees. See id., 18 CIT at 1021, 866 F. Supp. at 1438–39. The court held that the protest remedy was not available for the plaintiffs to seek a refund of fees and, as a result, 19 U.S.C. § 1581(a) could not be the basis of jurisdiction; instead, only jurisdiction under subsection (i) was available. See id., 18 CIT at 1024–25, 866 F. Supp. at 1441–42. Here, as Spirit acknowledges, the protest remedy was available by statute, and Spirit filed a protest, which was denied. See Pl.'s Resp. Br. at 6. Whether or not that rejection occurred "automatically," CBP issued a determination, and, by statute, CBP had discretion to approve or deny that protest. 19 U.S.C. § 1515(a).

Court No. 20-00094                                                                                              Page 11

with the term "other."  Id. at ¶¶ 6–8, 25–26 (citing 19 U.S.C. § 1313(j)).  Spirit contends that CBP erroneously rejected Spirit's drawback claim for merchandise classifiable under the 10-digit subheading 8803.30.0030 "Parts of goods of heading 8801 or 8802: Other parts of airplanes or helicopters: For use in civil aircraft: Other" because the 10-digit subheading begins with "For use in civil aircraft" and not the term "other."  Id. at ¶¶ 32–44, 54–79.  As both parties acknowledge, the administration of the TFTEA and CBP's interpretation of the HTSUS subheading 8803.30.0030, which resulted in the rejection of Spirit's drawback claim, are at issue.  See Pl.'s Resp. Br. at 5–7; see also Defs.' Reply Br. at 3.  Should the court, in reviewing CBP's rejection of the drawback claim, agree that CBP's interpretation is incorrect, the court may direct CBP to modify the programming code to process Spirit's drawback claim.  See 28 U.S.C. § 2643(c).  Spirit, thus, has a remedy under subsection (a).

      Because the court lacks jurisdiction under subsection (i), it does not reach Defendants' argument that the complaint with respect to the assertion of jurisdiction under subsection (i) should be dismissed for failure to state a claim for which relief can be granted.  See Defs.' Br. at 8.  In addition, given that the proposed amendment to the summons generated the motion to dismiss, it is reasonable to provide additional time for Defendants to respond to the complaint, as Spirit acknowledges, see Pl.'s Resp. Defs.' Mot. at 3, and, therefore, the court grants Defendants' motion for an extension of time.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's motion for leave to file an amended summons is granted; and it is further

**ORDERED** that Plaintiff's amended summons, see Pl.'s Mot. at Attach., is deemed filed as of April 27, 2020; and it is further

**ORDERED** that Defendants' partial motion to dismiss is granted with respect to Plaintiff's assertion of jurisdiction under 28 U.S.C. § 1581(i); and it is further

**ORDERED** that Defendants' motion for an extension of time to respond to Plaintiff's complaint is granted; and it is further

**ORDERED** that Defendants shall respond to Plaintiff's complaint on or before Wednesday, September 16, 2020.

/s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated: August 17, 2020
New York, New York